UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ENHANCED SOFTWARE PRODUCTS, INC., a Washington Corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>OREGON CENTRAL CREDIT UNION, an Oregon State Chartered Credit Union,<br><br>            Defendant. | NO. CV-05-0161-EFS<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR ENTRY OF PROTECTIVE ORDER** |

    On January 10, 2006, Defendant filed a Motion for Entry of Protective Order. (Ct. Rec. 44.)  Defendant's motion was opposed in part by Plaintiff in a response filed January 18, 2006. (Ct. Rec. 54.) Attached to their respective pleadings, both parties submitted proposed protective orders. (Ct. Rec. 44 at 6-16 & 54 Ex. A.)  A comparison of the parties' proposed protective orders demonstrated disagreement between the language proposed in paragraphs 2, 4(d), 4(e), 5, 8, and 9.

    The Court heard oral argument on Defendant's motion during an expedited telephonic hearing held on January 19, 2006. (Ct. Rec. 57.) During that hearing, the parties resolved their disagreements regarding paragraphs 2, 5, and 8.  Thus, the only issues remaining for the Court were determinations of what language should be used in paragraphs 4(d),

ORDER-- *1*

4(e), 5, and 9. After considering the parties' arguments and pursuant to Federal Rule of Civil Procedure 26(c), the Court hereby resolves the parties' disputes concerning paragraphs 4(d), 4(e), 5, and 9 by entering the following protective order. **It is HEREBY ORDERED:**

## PROTECTIVE ORDER

1. All documents or information produced or exchanged in the course of this action will be used solely for the purpose of preparing and litigating the action, including any appeals and any other related actions.

2. Any documents or information specifically designated as "confidential" or "confidential - attorneys' eyes only" by the party producing or exchanging the documents or information derived therefrom will not be made available or disclosed to any persons other than a "qualified person," as defined in paragraphs 3 and 6, below. Any document or information designated as "confidential - attorneys' eyes only" is subject to the additional restriction that it may not be made available to, disclosed to, summarized to, or discussed with officers or employees of plaintiff, ESP or defendant, OCCU and/or OCCU's successor Oregonians Credit Union ("OCU") not withstanding the fact that they may be "qualified persons" with respect to documents designated as "confidential." Furthermore, documents or information labeled as "confidential - attorneys' eyes only" provided or disclosed to experts shall not be made available shared, summarized, or discussed with officers or employees of plaintiff, ESP or defendant, OCCU and/or OCCU's successor Oregonians Credit Union ("OCU") not withstanding the fact that they may be "qualified persons" with respect to documents designated as

ORDER-- *2*

"confidential" by such expert witnesses. Without limiting the scope of the permissible designation, a party may designate as "confidential" or "confidential - attorneys' eyes only" any information and documents that it believes, in good faith, to fall within the scope of Fed.R.Civ.P. 26(c)(7) ("a trade secret or other confidential research, development, or commercial information"), whether it be a document, information contained in a document, information revealed during a deposition, or otherwise.  The parties do not intend to restrict the use of information designated as "confidential - attorneys' eyes only" in settlement conferences, mediations or arbitrations related to this litigation.

   3.   In depositions, the parties agree to limit the use of "confidential" or "confidential - attorneys' eyes only" documents or their contents to qualified persons as defined below, to prohibit the use, sharing, discussing, or summarizing with the four individuals listed below in paragraph 4, and to prohibit the use, sharing, discussing, or summarizing with any competitor of either party or such competitor's employee unless a written request, identifying the document and the information to be shared, is made and written consent is given prior to the time of the deposition.  If written consent is obtained prior to the depositions, then the parties agree to allow the use of such information and documents only in the deposition of the four individuals listed below or the competitors of either party as identified and disclosed in the written consent.  No additional use, sharing, disclosing, or summarizing of such information and documents shall occur outside of the deposition.  Such information and documents may be so used in the above limited circumstances without losing its

ORDER-- *3*

confidential designation.

    4.   "Qualified person" as used herein means an individual who is:

    a.   An outside lawyer employed by a party in this action and any employee of such lawyer to whom it is necessary that the material be shown for purposes of preparing or litigating this action, including any appeals and related actions;

    b.   A person employed by a party or its lawyers of record in this action specifically as an expert witness or expert consultant (specifically excluding Greg Smith, Amanda Massender, Rick Pisani, and Roy Franklin), to assist in the preparation of the action for trial, such as independent accountants, statisticians, economists, scientists, engineers, health care professionals, or other experts;

    c.   An officer or employee of plaintiff, ESP;

    d.   An officer or employee of defendant, OCCU or OCU; specifically excluding Greg Smith, Amanda Massender, Rick Pasani, or Roy Franklin.

    e.   The Court as provided in paragraph 9.

The term "qualified person" also includes any other person who is designated as a qualified person by stipulation of the parties or by order of this court, after notice to all parties. Greg Smith, Amanda Massender, Rick Pisani, and Roy Franklin shall be excluded as "qualified persons" and are prohibited from using, reviewing, discussing, or obtaining any "confidential - attorneys eyes only" documents, unless such documents were generated, viewed or used by those individuals during the period of their employment with ESP. Greg Smith, Amanda Massender, Rick Pisani, and Roy Franklin are specifically prohibited from viewing or having disclosed to them any "confidential - attorneys eyes only" document so designated by ESP that was generated or

ORDER-- *4*

created after the termination of their employment with ESP.

5. Given that plaintiff's and defendant's technology based businesses involve intellectual property and operate in a highly competitive environment, any document or information designated as "confidential - attorneys' eyes only" shall not be available to, disclosed to, summarized to, or discussed with individuals who own or are employed in any capacity by a competitor of the parties unless other wise permitted by this protective order.  This includes, but is not limited to, current employees or owners of "Open Solutions, Inc., SOSystems, WesCo, CU* Answers, CU* NorthWest, Inc., and including but not limited to Greg Smith, Amanda Massender, Rick Pisani, and Roy Franklin.  Furthermore, no documents designated "confidential" or "confidential - attorneys eyes only" may be used during a deposition of any employee or owner of a competitor of plaintiff or defendant without a prior written request and written consent.

6. Each party may designate as "confidential" or "confidential - attorneys' eyes only" any documents previously produced or exchanged without having been designated as "confidential" or "confidential - attorneys' eyes only," provided, however, that notice of such designation is received by the respective parties.  Such notice must be given in writing to the parties to whom the documents have been previously furnished.

7. Information disclosed at the deposition of a party or one of its present or former officers, directors, employees, agents, or independent experts retained by a party for purposes of preparing and litigating the action for trial may be designated by that party as "confidential" or "confidential - attorneys' eyes only" by indicating on

ORDER-- *5*

the record at the deposition that the testimony is "confidential" or "confidential - attorneys' eyes only" and subject to the provisions of this protective order.  The party may also designate information and documents disclosed at such deposition as "confidential" or "confidential - attorneys eyes only" by notifying all parties in writing of the specific pages and lines of the transcript or, in the case of depositions transcribed and distributed to counsel before the date of this protective order, within 30 days of the entry of this order.  Each party must attach a copy of such written statement to the face of the transcript and each copy thereof in his or her possession, custody, or control.  All depositions will be treated as confidential for a period of at least 30 days after a full and complete transcript of the deposition is available and at least 30 days after the execution of this protective order.  The presence at a deposition of any party, or officer or director thereof as agent for such party, will not be deemed a waiver of confidentiality by any other party, and the lawyer for any party present at a deposition, by its officers or agents or otherwise, will advise his or her client concerning the confidentiality of any information disclosed in the deposition which is so designated.

    8.   Disclosure of "confidential" or "confidential - attorneys eyes only" documents or the sharing of such information and documents with persons who are not "qualified persons" shall not occur unless the party designating the documents or information as "confidential" or "confidential - attorneys' eyes only" consents in writing to such disclosure, or if the court, after notice to all parties, orders such disclosure. Experts who have received "confidential-attorneys eyes only documents" shall be bound by this Order, shall sign Exhibit A attached

ORDER-- *6*

hereto, and shall not make available to, share, disclose, summarize, or otherwise discuss the contents or information with officers or employees of plaintiff, ESP or defendant, OCCU and/or OCCU's successor Oregonians Credit Union ("OCU") not withstanding the fact that they may be "qualified persons"officers or employees of plaintiff, ESP or defendant, OCCU and/or OCCU's successor Oregonians Credit Union ("OCU") not withstanding the fact that they may be "qualified persons."

    9. A party will not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so will not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the supplying party of any information or document as "confidential" or "confidential - attorneys' eyes only," the parties will try first to resolve such dispute in good faith on an informal basis. If any party contests the confidential nature of any information or document produced or exchanged pursuant to this stipulated protective order and designated "confidential" or "confidential - attorneys' eyes only," such party will give written notice to the lawyers for all parties specifying the specific information with particularity that he or she contends is not confidential. Any party will have no more than 7 days after receipt of such notice to move the court for an order confirming the confidentiality of such information or document, pursuant to the standards of Fed.R.Civ.P. 26(c)(7). Any information or document with respect to which such motion is made will remain confidential under the provisions of this protective order until order of the court. If no party moves within the above 7-day period, the contested information

ORDER-- 7

will no longer be treated as confidential at the expiration of that period.

10. The clerk of the court is directed to maintain under seal all documents and transcripts of deposition testimony filed in court in this action that have been designated, in whole or in part, as "confidential" or "confidential - attorneys' eyes only" by a party to the action. All transcripts of depositions will be kept under seal to the extent provided in paragraph 5, above.

11. If, a party wishes to file any document, pleading, answer to interrogatory, affidavit, declaration, motion or brief, or other paper containing, appending, summarizing, excerpting, or otherwise embodying confidential information, with the court that has been designated as "confidential" or "confidential - attorneys' eyes only", then that portion of the pleading or other paper in which the confidential information is embodied shall be filed and maintained under seal and shall not be available for public inspection. The party making the filing shall be responsible for filing the confidential information in a sealed envelope marked "CONFIDENTIAL: THIS DOCUMENT IS SUBJECT TO PROTECTIVE ORDER ISSUED BY THIS COURT AND MAY NOT BE EXAMINED OR COPIED EXCEPT IN COMPLIANCE WITH THAT ORDER WHICH PERMITS ACCESS BY ALL COURT PERSONNEL, BY NOT BY THE PUBLIC." Documents designated "confidential" or "confidential - attorneys' eyes only" will be filed in paper form in accordance with Local Rule 3.1 and the Eastern District of Washington's Administrative Procedures for Electronic Filing.

12. Designation by a party of information or documents as "confidential" or "confidential - attorneys' eyes only," or failure to so designate, will not be considered nor constitute an admission or
ORDER-- *8*

declaration that information or documents are or are not confidential or trade secrets.  Neither party will introduce or attempt to introduce into evidence at any trial or proceeding between the parties, the fact that another party designated or failed to designate any information or documents as confidential.

    13.  Each qualified person who has access to confidential documents must be given a copy of this protective order, and will be bound by its terms. Qualified persons must sign the acknowledgment attached as Exhibit A stating that they have read the order and acknowledging that they are bound by its terms.

    14.  In the event that any person (natural or corporate) with no connection to this action or any other related action serves a subpoena, or any other formal or informal method of discovery that calls for the production of material designated as "confidential" or "confidential - attorneys' eyes only" by a party to this action or any other related action, the party to whom the subpoena or any other formal or informal method of discovery is directed shall:

    a)   Within a period of five (5) days of receipt of said discovery request, provide written notice of said request to counsel for the party designating the material at issue as confidential discovery; and

    b)   The party receiving such discovery request will not oppose efforts by the party designating the material to protect and preserve the confidentiality of said material.

    15.  This protective order is binding on all parties to this

ORDER-- *9*

action and on all parties who have been served with a copy of this order and shall remain in force and effect until modified, superseded, or terminated by written consent of the parties to this litigation or by order of the court made upon notice or application by any party to this litigation or by any other person bound by this provision of this order.

16.  This order shall in no way constitute a waiver of the rights of the parties to raise or assert any defense or objection heretofore or hereafter raised or asserted, including, but not limited to, defenses or objections with respect to the use, relevance, or admissibility of any documents, testimony, or information subject to this order.

17.  Nothing in this order shall preclude any party from asserting, if applicable, the attorney-client privilege, a claim of work product protection, or any other applicable privilege or protection as to any discovery material the production of which is sought by any other party.

**IT IS HEREBY FURTHER ORDERED**: Defendant's Motion for Entry of Protective Order **(Ct. Rec. 44)** is **GRANTED.**

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide a copy to counsel.

**DATED** this 28th day of February, 2006.

                    S/ Edward F. Shea
                    EDWARD F. SHEA
               UNITED STATES DISTRICT JUDGE

Q:\Civil\2005\0161.protective.order.wpd

ORDER-- *10*

**PROTECTIVE ORDER**
**EXHIBIT A**

I, _____, have reviewed the Protective Order entered in *Enhanced Software Products, Inc. v. Oregon Central Credit Union*, (Case No. CV-05-161-EFS) pending in the United States District Court for the Eastern District of Washington before the Honorable Edward F. Shea, and understand the Protective Order. I agree to be bound by the Protective Order.

The materials and information afforded confidential treatment under this Protective Order shall be used by me in connection with the above-referenced litigation and for no other purpose and that I shall have no right to use such materials or information in any other litigation without prior approval of this Court or upon proper order of any court of competent jurisdiction. Further, I agree to keep such information confidential and realize that I may be held in contempt of court for failure to keep such information confidential.

I understand that any use of materials stamped "CONFIDENTIAL" or of information obtained by me from such materials, or from any copy, summary, or abstract thereof, or from any confidential testimony, in any manner may be in violation of the Court's Order. I hereby consent to the exercise of personal jurisdiction in the United States District Court for the Eastern District of Washington for purposes of enforcement of the Order.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this _____ day of _____, 2006.

_____
(Signature)

_____
(Print Name)

_____

_____
(Address)

ORDER-- *11*