UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ENHANCED SOFTWARE PRODUCTS, INC., a Washington Corporation,<br><br>              Plaintiff,<br><br>     v.<br><br>OREGON CENTRAL CREDIT UNION, an Oregon State Chartered Credit Union,<br><br>              Defendant. | NO.  CV-05-0161-EFS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ESP'S DEPOSITION MOTION, GRANTING ESP'S PRIVILEGE MOTION, AND GRANTING IN PART AND DENYING IN PART LUKINS & ANNIS' DEPOSITION MOTION** |

    On July 18, 2006, the Court held a telephonic hearing in the above-captioned case.  Appearing for the hearing were Kevin Curtis and Kammi Mencke for Plaintiff Enhanced Software Products, Inc. ("ESP"),  Julie Vacura and Lanie Block for Defendant Oregon Central Credit Union ("OCCU"), Ralph Cromwell for Lukins & Annis (ESP's former counsel in this case), J. Donald Curran for Michael Roozekrans (a Lukins & Annis attorney formerly assigned to represent ESP), and Thomas Smith for Sam Davis (a former ESP employee).  During the hearing, the Court addressed ESP's Motion for Protective Order Re: Deposition Attendance ("ESP's Deposition Motion") (Ct. Rec. 174), ESP's Motion for Protective Order Re: Attorney Client Privilege ("ESP's Privilege Motion") (Ct. Rec. 172),

ORDER-- *1*

and Lukins & Annis' Motion for Leave to Participate in Depositions ("Lukins & Annis' Deposition Motion") (Ct. Rec. 165). After reviewing the parties' submitted materials and hearing argument from each of the interested parties, the Court issued oral rulings on the three motions listed above. This Order serves to memorialize and supplement the Court's substantive oral rulings. Nonetheless, a supplemental order containing a comprehensive legal and factual analysis will be issued in the near future.

### I. ESP's and Lukins & Annis' Deposition Motions

For the reasons stated on the record, Mr. Cromwell, on behalf of Lukins & Annis, Mr. Curran, on behalf of Mr. Roozekrans, and Mr. Roozekrans, on his own behalf, may attend the depositions of Kathy Murray and Sam Davis, which are scheduled for July 20, 2006. In addition, Mr. Cromwell, on behalf of Lukins & Annis, may attend Mr. Roozekrans' deposition, which is set to occur on the same day. Although these non-parties are permitted to attend the July 20, 2006, depositions, they are not permitted to participate. The only deposition participants, i.e. those permitted to sit around the deposition table, ask questions, and make objections, shall be ESP, OCCU, ESP's and OCCU's attorneys, the deponent, and the deponent's attorney. All other persons in attendance at each deposition shall sit away from the deposition table and only be permitted to observe the depositions.

### II. ESP's Privilege Motion

For the reasons stated on the record, the Court limits the scope of Ms. Murray's, Mr. Davis', and Mr. Roozekrans' depositions in the following ways:

ORDER-- *2*

(1) Deponents may be questioned about any communications between individuals at ESP and/or Lukins & Annis that relate to (a) instructions to destroy or delete documents that have been requested in this case or (b) the attempt to conceal or coverup misconduct, e.g. the destruction or deletion of documents that have been requested in this case; and

(2) Deponents may be questioned about depositions, declarations, and interrogatory answers served or taken in this case to the extent such questions are limited to determining (a) whether a temporal gap exists with regard to what was saved on ESP's backup tapes, (b) the differences between ESP's backup and network server tapes, (c) whether the statements made in the depositions, declarations, and interrogatory answers were truthful when made and continue to be truthful now, and (d) whether the statements made in the depositions, declarations, and/or interrogatory answers were part of a scheme to conceal or coverup misconduct, e.g. the destruction or deletion of documents that have been requested in this case.

Due to the Court's current trial schedule, it will not be available to provide clarification or resolve disputes during the July 20, 2006, depositions as it normally would be. In light of this conflict, if issues arise that require the Court's resolution, the parties should make appropriate objections and continue with the depositions. The unresolved legal issues arising during the depositions shall then be the subject of appropriately filed motions.

### III. OCCU's Pending Motion for Fees & Costs

In Orders issued on July 13 and 14, 2006, the Court gave Lukins & Annis until July 31, 2006, to respond to ESP's Motion for Fees & Costs

ORDER-- *3*

(Ct. Rec. 133), which was filed on April 28, 2006. (Ct. Recs. 164 & 169.)  For the reasons stated on the record, Lukins & Annis' response to the portion of OCCU's Motion for Fess & Costs that relates to ESP's Motion to Compel Discovery (Ct. Rec. 105), is still due on July 31, 2006, but Lukins & Annis' deadline for responding to the remaining portion of OCCU's Motion for Fees & Costs is stricken.  Because the Court needs additional time to review the discovery materials filed, or to be filed, before it will be in a position to rule on the remaining portion of OCCU's Motion for Fees & Costs, which includes the upcoming July 20, 2006, depositions and any follow-up depositions the Court determines are necessary, the Court holds in abeyance the portions of OCCU's Motion for Fees & Costs (Ct. Rec. 133) that do not relate to ESP's Motion to Compel Discovery (Ct. Rec. 105).

At a time the Court deems appropriate, it will set a new briefing schedule for the remaining portion of OCCU's Motion for Fees & Costs (Ct. Rec. 133), under which Lukins & Annis and all other interested parties will have the opportunity to respond and reply in light of the developing discovery.  In addition, any party the Court awards terms against in connection with the remaining portion of OCCU's Motion for Fees & Costs will have a prior opportunity to cross-examine those offering adverse testimonial evidence against that party, e.g. Lukins & Annis will have the opportunity to cross-examine Ms. Murray and Mr. Davis if their positions continue to be adverse to Lukins & Annis' interests.  The forum for these cross-examination opportunities will be determined by the Court on a later date.

ORDER-- *4*

Accordingly, **IT IS HEREBY ORDERED**:

1. ESP's Privilege Motion **(Ct. Rec. 172)** is **GRANTED subject to the limitations set forth above**.

2. ESP's Deposition Motion **(Ct. Rec. 174)** is **GRANTED IN PART** (only ESP, OCCU, and the deponent may participate in the July 20, 2006, depositions) and **DENIED IN PART** (Mr. Cromwell, on behalf of Lukins & Annis, Mr. Roozekrans, and Mr. Curran, on behalf of Mr. Roozekrans, may attend each of the July 20, 2006, depositions).

3. Lukins & Annis' Deposition Motion **(Ct. Rec. 165)** is **GRANTED IN PART** (Mr. Cromwell, on behalf of Lukins & Annis may attend each of the July 20, 2006, depositions) and **DENIED IN PART** (only ESP, OCCU, and the deponent may participate in the July 20, 2006, depositions).

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, to provide an electronic copy to counsel for ESP, OCCU, Lukins & Annis, Mr. Roozekrans, and to provide a faxed copy (509-327-6238) to Thomas Smith, counsel for Mr. Davis.

**DATED** this  20th  day of July 2006.

> s/Edward F. Shea
> EDWARD F. SHEA
> UNITED STATES DISTRICT JUDGE

Q:\Civil\2005\0161.july.20.2006.depositions.wpd

ORDER-- *5*